UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELICIA PRIMUS and STACY TURK, on
their own behalves and others similarly situated,

    Plaintiff,

v.                                                                                                CASE NO.: 8:08-cv-00693-SDM-MSS

COVERALL INTERIORS, LLC, a Foreign
Limited Liability Company,

    Defendant.
_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiffs, FELICIA PRIMUS and STACY TURK ("Plaintiffs"), were employees of Defendant, COVERALL INTERIORS, LLC. ("COVERALL" or "Defendant"), and bring this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiffs were non-exempt salaried interior decorators and performed related activities for Defendant in Hillsborough County, Florida.

2. Defendant, COVERALL, is a Foreign Limited Liability Company that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every non-exempt salaried interior decorator who worked for the Defendant at any time within the past three (3) years within the State of Florida.

4. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). Additionally, Plaintiffs were engaged in interstate commerce during their employment with Defendant.

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs, and those similarly situated to them, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs, and those similarly situated to them, for those hours worked in excess of forty (40) within a work week.

7. During their employment with Defendant, Plaintiffs, and those similarly situated to them, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, and others similarly situated to them, are in the possession and custody of Defendant.

## RECOVERY OF OVERTIME COMPENSATION

9. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-8 above.

10. Plaintiffs, and those similarly situated to them, were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but were not paid time and one half compensation for same.

11. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs, and those similarly situated to them, have suffered damages plus incurring reasonable attorneys' fees and costs.

12.  As a result of Defendant's willful violation of the FLSA, Plaintiffs, and those similarly situated to them, are entitled to liquidated damages.

13. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 22nd day of September 2008.

**/s KELLY AMRITT**
Kelly Amritt
FL Bar No.:  648779
Trial Counsel for Plaintiff
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: kamritt@forthepeople.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22<u>nd</u> day of September 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ryan Fuller, Esq.
Counsel for Defendant
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, Florida 32201

                                      **s/ KELLY AMRITT**
                                      KELLY AMRITT