UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELICIA PRIMUS, et al.,

        Plaintiffs,

v.                                                          **CASE NO.**  8:08-cv-693-T-23MAP

COVERALL INTERIORS, LLC,

        Defendant.

_____/

## ORDER REFERRING CASE TO MEDIATION

In accord with Chapter Nine of the Rules of the United States District Court for the Middle District of Florida:

(a)      Referral to Mediation:  This case is referred to mediation.  The court appoints **Mary A. Lau** of Lau, Lane, Pieper, Conley & McCreadie, P.A., Post Office Box 838, Tampa, Florida   33601-0838  (813/229-2121), as mediator.

(b)      Conduct of Mediation Conference:  The mediation shall be conducted in accord with this Order, the Local Rules regarding mediation, and the procedures outlined in the attachment to this Order.  **Compliance with this order is <u>not</u> satisfied by any other attempt of the parties to resolve this matter through mediation or other mechanism for dispute resolution.**

(c)      Scheduling Mediation Conference:  The mediation shall be conducted on or before **January 20, 2009**.  The parties and the mediator may request a room at the United States Courthouse, 801 North Florida Avenue, Tampa, Florida.  If available a room will be assigned.  Lead counsel shall contact 813/301-5387 to check on the

availability of rooms at the Courthouse and shall **notify all other counsel and the mediator** of the room if one is assigned.

(d)     Designation and Responsibility of Lead Counsel:  **Kelly Allyssha Amritt** is designated as lead counsel and shall consult both the mediator and other counsel to coordinate the date and time of the mediation.  **Within twenty (20) days of this order, lead counsel shall file a Notice of Mediation with the Clerk giving the agreed date and time of mediation.  Once scheduled, the agreed date for the mediation conference shall operate as the mediation deadline in lieu of the date set forth in paragraph (c) above.  Extension of the mediation deadline requires leave of Court. Before moving for an extension of the mediation deadline, the movant shall consult both the mediator and opposing counsel to determine an agreed date and time for the mediation, if rescheduled.  In accord with Local Rule 3.01(g), a motion for an extension of the mediation deadline shall include, along with the proposed mediation date and time, a statement certifying that the movant has conferred with opposing counsel and stating whether counsel agree on the resolution of the motion.**  Because the Court expects diligence and good faith from the parties, a motion for extension of the mediation deadline is increasingly disfavored as the mediation deadline approaches.

(e)     General Rules Governing the Mediation Conference:  Although mediation is defined in greater detail in Chapter Nine of the Local Rules and the attachment to this Order, the following additional guidelines are imposed upon the mediation:

(1)     Case Summaries:  Not later than five (5) working days prior to the scheduled mediation conference, each party shall mail directly to the

- 2 -

Mediator and opposing counsel a brief written summary of the facts and issues of the case.  These summaries shall be treated by the mediator as confidential communication, and shall not be incorporated into the public records of this case.

(2)     Identification of Corporate and/or Claims Representatives:  As part of the written case summaries, counsel for corporate parties, municipalities and claims professionals shall state the name and general job description of the representatives for the corporation or municipality who will attend and participate on behalf of the corporate party.

(3)     Authority of the Mediator:  The Mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate and municipal representatives and claims professionals, to suggest alternatives, analyze issues, question perceptions, stimulate negotiations, and keep order.  The mediation shall continue until adjourned by the mediator.  No participant may compel the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.  In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to  scheduled mediation.

(4)     Authority to Declare Impasse:  Although the average mediation  usually takes between 3-5 hours, participants shall be prepared to remain until the Mediator declares an impasse.

(5)     Attendance: Each attorney acting as lead counsel and every party (or the designated representative with full authority to settle) shall personally attend the mediation.  Absent extraordinary circumstances, this requirement will not be waived.  Any requests with regard to attendance shall be directed to the Court.

(6)     In any Track Three case, other complex or protracted case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties.

(f)     Compensation of the Mediator:  The Mediator shall be compensated at the

mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, shall be

borne equally by all parties and payable immediately upon the conclusion of mediation.

Upon motion of the prevailing party, the Mediator's compensation may be taxed as a

cost in the instant action.  The parties shall comply with any reasonable cancellation policy established by the mediator.

(g)     Not later than ten (10) days from the date of this Order, any party may file and serve written objections to this Order.  The absence of any such objection shall constitute acknowledgment and consent to the terms of this Order.

ORDERED in Tampa, Florida, on October 21, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Attachment

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

---

**FEDERAL COURT MEDIATION**
**DESCRIPTION OF THE PROCESS**

---

## MEDIATION CONTRASTED TO ARBITRATION

First of all, it is important to understand that mediation is not to be mistaken for just another form of our Court Annexed Arbitration Program.  Although the goals of the latter program are more clearly set forth in Local Rule 8.01, it is sufficient here to observe that arbitration is designed to provide an alternate dispute resolution forum for a limited class of less complex civil cases <u>at the early stages</u> of the case.

In contrast to that program, mediation as defined in Chapter Nine of the Local Rules is designed to serve the interests of the more complex civil case which has not been arbitrated, which has completed most, if not all discovery requirements, and is set for trial.

## WHY THIS CASE IS BEING REFERRED TO MEDIATION

It is important for counsel to understand that the Court has coordinated its trial docket in an effort to ensure that this case will be tried as scheduled.  However, given the statistical reality that over 80% of all scheduled trials settle prior to the morning of trial, the Court has a duty to the other cases on its docket to ensure that all possible avenues of settlement in this case are explored prior to trial.

Although the importance of coordinating the Court's trial calendar cannot be over emphasized, the Court is also cognizant of the successful settlement record for mediation in similarly complex and protracted cases, both on a pilot basis in this Court and in the Florida state courts.  With nearly two years experience behind the state court mediation program, the statistics demonstrate that nearly 70% of all mediated cases settle at the mediation conference.  Settlement rates in this Court have been significantly higher.  Consequently, the Court has determined that mediation is the best and most appropriate forum in which to consider the possibilities for settlement in this particular case.

## WHAT IS MEDIATION

Mediation is a supervised settlement conference presided over by a qualified, certified and neutral mediator who suggests alternatives, analyzes issues, questions perceptions, uses logic, conducts private caucuses, stimulates negotiations between opposing sides, and keeps order.

---

Mediation is also a docket and litigation management tool which has proved successful in securing a high percentage of settlements on an amicable basis without the expense, exposure, and uncertainty of trial. Mediation has proven to be most effective when it is conducted within 45 days of the scheduled trial date, when discovery is substantially complete, and the parties are fully informed as to their respective positions.

The mediation conference is conducted either in a courtroom or conference room at the United States Courthouse, rather than in the adversarial environment of a law office. During the mediation process, private rooms or offices are made available for individual caucuses and conferences.

The mediation process itself is intended to be informal in nature, while the actual ebb and flow of the process is structured by the mediator. Unlike arbitration, which results in an award and possible judgment, the only result of the mediation conference is the agreement of the parties. Although the mediation process is inherently flexible, as a rule, the following guidelines apply to the conduct of the mediator:

The mediator will:

-- Be impartial.
-- Suggest alternatives.
-- Have private meetings or caucuses with the attorneys, parties, corporate representatives and claims professionals.
-- Assist in clearly identifying the issues.
-- Privately debate each side's logical basis and perceptions.
-- Respect confidential and/or privileged information.
-- Allow the parties to negotiate.
-- Guide the parties and counsel in finalizing a specific settlement agreement.

The mediator will not:

-- Act as a judge or arbitrator.
-- Rule upon questions of fact or law.
-- Render a decision or award.
-- Hear testimony.

Trial counsel and the parties, to include corporate representatives and necessary claims professionals, are required to appear and participate in the mediation process, and must attend the conference with complete authority to compromise and settle the action. Participants are required to remain and participate in the mediation conference until a settlement is reached or an impasse is declared. The parties, with the consent of the mediator, agree to continue the mediation conference to a date certain prior to the regular schedule trial date, or the mediator declares an impasse. As a rule, the mediation process usually lasts somewhere between 3-5 hours.

## WHO ARE THE MEDIATORS

Court appointed mediators have been certified by the Chief Judge pursuant to Local Rule 9.02. Each mediator has demonstrated the unique qualities required to effectively facilitate the mediation process and each has already completed the 40 hour Florida Circuit Court Mediation certification program.

## HOW ARE MEDIATORS COMPENSATED

Unless otherwise agreed by the parties, the mediator is paid $150.00 per hour of service, and the cost is borne equally by the parties.  Payment is coordinated by lead counsel and is made directly to the mediator.  Experience has shown that the average cost of the mediation conference is approximately $200 per party.

## WHAT ARE THE ADVANTAGES OF MEDIATION

### Advantages for the Court:

1.      Docket management and control.

2.      Resolves the case without the necessity of additional judicial labor for trial.

3.      The dispute is resolved early and not on the eve of trial, thereby allowing the Court to schedule other cases in the allotted time.

4.      Voluntary settlements as a result of bargaining by the parties usually do not need post trial enforcement proceedings or appeal and resolve all outstanding issues between the parties.

5.      Citizens and attorneys are more satisfied with the "system."

### Advantages for the Attorneys:

1.      Enables them to negotiate a settlement which may be more favorable than their expected result at trial.

2.      Facilitates negotiation--forces the creation of an event at which both sides must negotiate in good faith.

3.      Accomplishes the goal of the client without a disproportionate expenditure of attorney's fees.

4.      Client satisfaction--enables the attorneys to deliver a product (resolution of the dispute) favorable to their client with which their client is satisfied.

5.      Provides more effective use of the attorney's time.

6.      Protection of having the client participate in the negotiation process.

7.      Durable agreement--no appeal--no collection problem.

8.      Prevents settlement negotiation distraction during trial process.

### Advantages for the Parties:

1.      Allows them some management control over the resolution of the dispute.

2.      Prevents the unlimited exposure and uncertainty of a trial.

3.      Allows them to exert some informed direct influence over the outcome of the dispute after observing the other attorney, the other party, and hearing a capsule discussion of the case with a neutral outsider.

4.      Avoids the expense of final trial preparation and trial.

5.      Allows the party to bargain through counsel for certain key elements which are extremely important in exchange for other elements which are less important.  The Court would make a decision without knowledge of or regard for these key elements.

6.      Each side gets to see the other's best offer and the parties can decide to take it or litigate.

7.      Enables a party to stop an expenditure of time and personal involvement in the litigation and therefore, exert energies to other business pursuits or other normal activities.

## WHAT DOES A MEDIATOR REPORT TO THE COURT?

Within five days of the conclusion of a mediation conference, the mediator files a mediation report indicating whether all required parties were present.  The report also indicates whether the case settled, was continued with the consent of the parties, or whether the mediator declared an impasse.  Attached is a mediation report form which may be used for this purpose.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


Plaintiff(s),

v.                                          CASE NO. _____


Defendant(s).
_____/

### MEDIATION REPORT

In accordance with the Court's mediation order(s), a mediation conference was held on

_____, 20_____, and the results of that conference are indicated below:

(a)   The following individuals, parties, corporate representatives, and/or claims professionals attended and participated in the mediation conference, and each possessed the requisite settlement authority:

_____    All individual parties and their respective trial counsel.

_____    Designated corporate representatives.

_____    Required claims professionals.

(b)   The following individuals, parties, corporate representatives, and/or claims professionals failed to appear and/or participate as ordered:

_____
_____

_____
_____

_____
_____

_____
_____

_____
_____

_____
_____

**MEDIATION REPORT**                                                             *Page 1*
**(Attachment to Mediation Order) (Rev. 7/93)**

_____

_____

_____

_____

_____

_____

(c)      The outcome of the mediation conference was:

_____      <u>The case has been completely settled</u>.  In accordance with Local Rule 9.06(b), lead counsel will promptly notify the Court of settlement in accordance with Local Rule 3.08 by the filing of a settlement agreement signed by the parties and the mediator within ten (10) days of the mediation conference.

_____      <u>The case has been partially resolved</u> and lead counsel has been instructed to file a joint stipulation regarding those claims which have been resolved within ten (10) days.  The following issues remain for this Court to resolve:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____      <u>The conference was continued</u> with the consent of all parties and counsel. The mediation conference will be held on a date certain not later than ten (10) days prior to the scheduled trial date.  Any continuance beyond that time must be approved by the presiding Judge.  Mediation Reports will be filed after additional conferences are complete.

_____      <u>The parties have reached an impasse</u>.

Done this _____ day of _____, 20_____, in _____, Florida.

_____

Signature of Mediator

_____

Name of Mediator

_____

_____

_____

_____                    Mediator's Mailing Address/Telephone Number

cc:  Counsel of Record and
      Unrepresented Parties